```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE ORDER REQUIRING [XXX], INC.          :    OPINION AND ORDER
TO ASSIST IN THE EXECUTION OF A            :    14 Mag. 2258
SEARCH WARRANT ISSUED BY THIS              :
COURT BY UNLOCKING A CELLPHONE             :
-------------------------------------------------------------X
```

Appearances:

Katherine Reilly, Assistant United States Attorney, U.S. Attorney's Office, S.D.N.Y., New York, NY

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On October 10, 2014, the Government obtained a search warrant that authorized the Government to search the contents of a cellular telephone for evidence relating to credit card fraud. The cellphone had previously been seized incident to an arrest. The Government now reports that the phone is "locked" — apparently requiring a password to retrieve any of the information permitted under the search warrant. It has made an ex parte application pursuant to the All Writs Act, 28 U.S.C. § 1651, seeking an order that would compel the manufacturer of the cellphone to assist in the execution of the search warrant by "bypassing the lock screen." Both the search warrant and the current application have been filed under seal.

The All Writs Act, originally enacted as part of § 14 of the Judiciary Act of 1789, see 1 Stat. 81-82, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has recognized that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). The All Writs Act does not confer an independent basis of jurisdiction. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002); Sprint Spectrum

L.P. v. Mills, 283 F.3d 404, 413 (2d Cir. 2002). Instead, it allows writs to issue that will aid courts in exercising their "existing statutory jurisdiction," Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 333-34 (2d Cir. 2006) (citation and internal quotation marks omitted), by supplying "courts with the instruments needed to perform their duty, as prescribed by the Congress and the Constitution," Harris v. Nelson, 394 U.S. 286, 300 (1969) (citing Price v. Johnston, 334 U.S. 266, 282 (1948)); accord Sprint Spectrum L.P., 283 F.3d at 413 (the All Writs Act "provides a tool courts need in cases over which jurisdiction is conferred by some other source") (citation omitted). Thus, the All Writs Act permits a court, in its "sound judgment," to issue orders necessary "to achieve the rational ends of law" and "the ends of justice entrusted to it." United States v. New York Telephone Co., 434 U.S. 159, 172-3 (1977) (citations and internal quotation marks omitted). Courts must apply the All Writs Act "flexibly in conformity with these principles." Id. at 173; accord United States v. Catoggio, 698 F.3d 64, 67 (2d Cir. 2012) ("[C]ourts have significant flexibility in exercising their authority under the Act.") (citation omitted).

The Supreme Court case that most directly supports the application here is United States v. New York Telephone Co. In that case, the Supreme Court held that a district court had authority under the All Writs Act to issue an order requiring a telephone company to provide technical assistance to the Government in its effort to install a "pen register" — a device for recording the numbers dialed on a telephone. 434 U.S. at 172-75. It held that such an order was in aid of the district court's jurisdiction under Fed. R. Crim. P. 41 to issue a search warrant. Id. at 168-70. New York Telephone Co. made clear that

> [t]he power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper

> administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.

Id. at 174. (internal citations omitted); accord Ass'n for Retarded Citizens of Conn., Inc. v. Thorne, 30 F.3d 367, 370 (2d Cir. 1994) (court "may require the compliance of nonparties in order to ensure that its legally-mandated directives are not frustrated"); In re Baldwin–United Corp., 770 F.2d 328, 338 (2d Cir. 1985) (same).  Thus, we conclude that it is appropriate to order the manufacturer here to attempt to unlock the cellphone so that the warrant may be executed as originally contemplated.  See United States v. Fricosu, 841 F. Supp. 2d 1232, 1238 (D. Colo. 2012) (order issued under All Writs Act requiring defendant to provide password to encrypted computer seized pursuant to a search warrant).

We are mindful that the "the power of federal courts to impose duties upon third parties is not without limits." N.Y. Tel. Co., 434 U.S. at 172.  Thus, a court may not impose "[u]nreasonable burdens" upon them.  Id.; accord United States v. Doe, 537 F. Supp. 838, 839 (E.D.N.Y. 1982) (All Writs Act extends to third parties only when the requested assistance is not "burdensome").  Case law reflects that orders providing technical assistance of the kind sought here are often not deemed to be burdensome.  See, e.g., Application of U.S. for an Order Authorizing an In-Progress Trace of Wire Commc'ns over Tel. Facilities, 616 F.2d 1122, 1132 (9th Cir. 1980) (tracing of a telephone call conducted through an "electronic or mechanical device" rather than manually); United States v. Hall, 583 F. Supp. 717, 721 (E.D. Va. 1984) (records that could be generated by "punching a few buttons"); see also New York Telephone Co., 434 U.S. at 177 (assistance "in the installation and operation of" a pen register).  Case law also reflects that in some instances parties subject to the writ should be compensated for their expenses.  See, e.g., Application of U.S. for an Order Authorizing an In-Progress Trace of Wire

Commc'ns over Tel. Facilities, 616 F.2d at 1133 (court should consider whether third party will be "fully compensated for the services provided"); Application of U.S. for Order Authorizing Installation of Pen Register or Touch-Tone Decoder & Terminating Trap, 610 F.2d 1148, 1156 (3d Cir. 1979) (third party would "be compensated 'at the prevailing rates' for its services").

      The Government has provided a proposed Order that directs the manufacturer to provide "reasonable technical assistance" in unlocking the device. The proposed Order omits, however, any mention of a process by which the manufacturer may seek to the challenge the Order. Courts have held that due process requires that a third party subject to an order under the All Writs Act be afforded a hearing on the issue of burdensomeness prior to compelling it to provide assistance to the Government. See, e.g., In re Installation of a Pen Register or Touch–Tone Decoder & a Terminating Trap, 610 F.2d 1148, 1157 (3d Cir. 1979); United States v. Mountain States Tel. & Tel. Co., 616 F.2d 1122, 1132-33 (9th Cir. 1980). To the extent the manufacturer believes the order to be unduly burdensome or that it should be reimbursed for expenses, the manufacturer should be given clear notice that it has the opportunity to object to the Order.

      Accordingly, the Court will include in the Order a provision that directs that, "to the extent [the manufacturer] believes that compliance with this Order would be unreasonably burdensome, it may delay compliance provided it makes an application to the Court for relief within five business days of receipt of the Order."

      For the foregoing reasons, and with the foregoing modification, the Government's application for an order under the All Writs Act is granted.

Dated: October 31, 2014
      New York, New York

                                                  GABRIEL W. GORENSTEIN
                                                  United States Magistrate Judge